Case 7:17-cr-00419-KMK   Document 300   Filed 04/24/24   Page 1 of 4

## TANNER & ORTEGA, L.L.P.
ATTORNEYS AT LAW
WWW.TANNERORTEGA.COM

HOWARD E. TANNER\*
HUGO G. ORTEGA
\*MEMBER OF N.Y., N.J. AND D.C. BAR

**NEW YORK CITY OFFICE**
299 BROADWAY
SUITE 1700
NEW YORK, NY 10007
OFFICE: (212) 962-1333
FAX: (212) 962-1778

**WHITE PLAINS OFFICE**
175 MAIN STREET
SUITE 800
WHITE PLAINS, NY 10601
OFFICE: (914) 358-5998
FAX: (914) 761-0995

April 24, 2024

Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
United States District Courthouse
300 Quarropas Street
White Plains, NY 10601

By ECF and Email/PDF

Re:   *United States v. Christopher Coleman*, 17 Cr. 419 (KMK)
      Letter Motion for Sentence Reduction Pursuant to
      18 U.S.C. § 3582(c)(2) and Section 1B1.10

Dear Judge Karas:

By Court Order, I was reappointed as CJA counsel to investigate and pursue a possible motion for reduction of sentence pursuant to Amendment 821 to the Sentencing Guidelines (ECF Doc Nos. 289, 299). On January 2, 2024, the Probation Department issued a Supplemental Presentence Investigation Report (ECF Doc No. 285, "Supp. Probation PSR") concluding that the defendant is eligible for a sentence reduction under the "status points" portion of Amendment 821, which amends Section 4A1.1(e) of the Guidelines. *Id.* at 2. For the reasons detailed herein, I request that the defendant's current sentence of 144 months' imprisonment be reduced to 130 months.

<u>Case History and Statutory Authority</u>

On January 11, 2018, pursuant to a Plea Agreement, the defendant, Christopher Coleman, pleaded guilty to a two-count Information, which alleged a narcotics conspiracy pursuant to 21 U.S.C. 841(b)(1)(B) and possession of a firearm in furtherance of the narcotics conspiracy, pursuant to 18 U.S.C. § 924(c). The stipulated Guidelines Range was 144 to 165 months' imprisonment. On July 20, 2018, the Court imposed a bottom-guidelines sentence of 84 months' imprisonment for Count 1 to run consecutively to 60 months for Count 2, for a total of 144 months with five years' Supervised Release to follow (ECF Doc No. 146).

In its 2023 amendments, the United States Sentencing Commission eliminated the §4A1.1 two-point enhancement for committing an offense while on probation, parole, or supervised release. On

August 24, 2023, the Commission voted to make its 2023 Criminal History Amendments retroactive. In the instant case, the parties stipulated that the defendant's Total Offense Level was 25 and his prior criminal convictions resulted in six Criminal History Points. Because he had committed the instant offense while under a term of Supervised Release, two "status points" were added pursuant to §4A1.1(d), resulting in a total of eight Criminal History points.  This enhancement therefore placed Mr. Coleman in Criminal History Category IV with a Guidelines Range of 84 to 105 months for Count 1 to be followed by a consecutive 60 months' imprisonment for Count 2. Subtracting the status points results in a total of six Criminal History Points, placing the defendant in Criminal History Category III. The Guidelines Range for Count 1 is thus reduced to 70 to 87 months to be followed by a consecutive 60 months' imprisonment for Count 2.

Pursuant to USSG §1B1.10(a)(1), "In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual…the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2) …". Since the Court imposed a sentence at the bottom of the then-applicable Guidelines Range of 84 months' imprisonment for Count 1, the defendant now seeks, pursuant to USSG §1B1.10(b)(1) and (b)(2)(A), a reduction of sentence to 70 months for Count 1, which is at the bottom of his now-applicable Guidelines Range. A consecutive 60-month sentence imposed for Count 2 would constitute a total of 130 months, a 14-month reduction from his present sentence. 18 U.S.C. §3582(c)(2) provides that the Court may grant such relief after consideration of the factors set forth in §18 U.S.C. 3553(a).

### The Applicable §3553(a) Factors Support a Reduction in Sentence

The Parties fully briefed its arguments in support of their respective sentencing recommendations.[1] (ECF Doc Nos. 97, 101), in addition to their oral arguments before the Court at the Sentencing Hearing held on July 20, 2018. The defense requested a mandatory minimum sentence of 120 months (ECF Doc No. 97); Probation recommended a then-bottom guidelines recommendation of 144 months (ECF Doc No. 49 at 29-30); and the Government requested a sentence within the guidelines range of 144 to 165 months' imprisonment (ECF Doc No. 101 at 16).

The same comprehensive §3553(a) balancing analysis by the Court in 2018 holds true today. I submit that if the low-end of the defendant's Guidelines Range for Count 1 had been 70 months and not 84 months in 2018, it is likely that the Court would have sentenced the defendant to 70 months. Indeed, there is now added support for this application regarding the *history and characteristics of the defendant* by his excellent comportment during the over 81 months he has served in prison for the instant case. As detailed in Probation's Supplemental Presentence Investigation Report, and confirmed in the attached Bureau of Prisons ("BOP") Inmate Education Data Transcript (Ex. A), Mr. Coleman has participated in several vocational and employment programs, such as "Work Assignments", "Employment Essentials", "Orderly", "Green Jobs", "Paint Shop" and completed a math class entitled "Scoreboost". He has also successfully completed BOP drug treatment as confirmed in the attached BOP Drug Program Transcript (Ex. B). Notably, as confirmed by his BOP Disciplinary Record (Ex. C), his conduct has been excellent, with only one minor violation in over 6 years and 9 months, for "refusing to obey an order", on August 9, 2020.  This is a material change from his previous history in prison when he was cited seven times in

---

[1] For purposes of brevity, I incorporate by reference all arguments made in the Defense Sentencing Letter and exhibits in support (ECF Doc Nos. 97, 97-1 through 97-3) as if fully averred herein.

a four-year period (Id. at 2-3). As for the violation, which Mr. Coleman disputed, informs me that the incident arose when he asked a Corrections Officer to unlock his cell so that he could return to it to urgently use the toilet. The officer instructed him to wait by a door despite the urgency of the moment, leading to the defendant's failure to comply. He was sanctioned with a loss of commissary for 90 days.

Mr. Coleman, now 49 years old, humbly writes to the Court (Ex. D) that in addition to his deserved punishment for his crimes, he had to suffer the loss of his younger brother, Robert Mapps, who was killed in 2022 in a motorcycle accident in Orlando, Florida and couldn't attend his funeral. While humbly questioning if he deserves a sentence reduction, he explains why he is nevertheless asking for one and detailed his goals for when he is released and how he will remain drug-free and lead a law-abiding life. "Life is not easy for me, it never has been easy for me, and getting out of prison with nothing over the age of 50, life isn't gonna (sic) get easy for me. So for me to remain faithful in a higher power, to remain humble, and clean from getting high I'm doing O.K., and I fight hard every day of my life to keep my sanity. I will continue to fight to do what it takes to live a normal life when I'm released." *Id.*

The *nature and circumstances of the offense* is accounted for in the now-applicable bottom Guidelines Sentence of 130 months. As previously stated, Probation recommended the then-applicable bottom-guidelines sentence and the Government, a sentence within the guidelines. 130 months in prison would still provide *specific and general deterrence*, given the length of the sentence; *Protection for the public* is certainly accomplished while Mr. Coleman is incarcerated, but even with a sentence reduction of 14 months, he would be released on supervision at approximately 55 years old, an age statistically less likely to reoffend.[2] Indeed, this would seem to be the type specifically contemplated for relief by the Sentencing Commission when they concluded, "[w]hile the inclusion of status points in the criminal history score may address culpability and other statutory purposes of sentencing, status points do not significantly improve the score's prediction of rearrest."[3] The Commission therefore voted to eliminate status points enhancements[4] as unfair in its blanket application, and made the amendment retroactive so that defendants like Mr. Coleman could obtain such relief.

I am cognizant that the Court did not impose a consecutive sentence for the defendant's violation of supervised release which arose from his criminal conduct in this case, in part, because he was assessed the two-point status enhancement (Sentencing Tr. 49:20-25 to 50:1-14, attached hereto as Ex. E). Your Honor also recognized, notwithstanding that enhancement, that: "...more importantly, as I said, this is a really high sentence, and I just think to pile-on here isn't going to serve any purpose." *Id.* at 50:12-14.

---

[2] See, *Recidivism Among Federal Offenders: A Comprehensive Overview*, United States Sentencing Commission, March 2016, which reported only a 10% recidivism rates for federal offenders released at ages of 51-60 years of age. (Id. at 9, Figure 1)

[3] United States Sentencing Commission, "*Revisiting Status Points*", June, 2022, at 18.
https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2022/20220628_Status.pdf

[4] The defendant is eligible for relief with 6 Criminal History Points, but Amendment 821 did not eliminate status points enhancements for all circumstances. *See*, i.e., §USSG 4A1.1(e): "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."

3

Finally, as was true for the 144-month prison sentence imposed, a 130-month prison sentence would also promote respect for the law as being within the now-applicable Guidelines Range, and in accordance with the restriction set forth in USSG §1B1.10(b)(2)(A).[5] A reduction in sentence of 14 months would equate to less than 10% of the original sentence, with approximately 49 months still left to serve of the reduced sentence if this motion is granted. Mr. Coleman will therefore be afforded the opportunity for continued *reformation and rehabilitation* through his continued participation in BOP programs and services.

Accordingly, due to the foregoing, I respectfully request that the Court grant this application and in its entirety.

Thank you, Your Honor, for your consideration of this matter.

Very truly yours,

Tanner & Ortega, L.L.P.

Howard E. Tanner

cc:     AUSA Samuel Raymond (By ECF and Email/PDF)
        Mr. Christopher Coleman (By USPS to FCI Memphis)

Application for a resentence reduction, pursuant to 18 U.S.C. Section 3582(c)(2) and Amendment 821, is denied. There is no dispute that Mr. Coleman is eligible for a reduction in sentence given the effect of Amendment 821 on the "status points" provision in U.S.S.G. Section 4A1.1. However, eligibility is only the first step in the analysis. The second step requires the Court to consider whether a sentence adjustment is appropriate in light of the factors set forth in 18 U.S.C. Section 3553(a). See U.S.S.G. § 1B1.10 app. note 1(B)(i). Here, consideration of the Section 3553(a) factors, in the particular circumstances of this case, counsel against a sentence reduction. When the Court originally imposed sentence in this case, it declined to impose a consecutive sentence for a related violation of supervised release. Indeed, the Court explained that "the sentence for the underlying conduct is so high, that I think that there's the law of diminishing returns here. The two points are added in anyways because of the criminal history, that Mr. Coleman committed the offense conduct while he was on supervised release. So it's not as if he didn't already get a sentence increase from that." (Sentence Tr. at 50). The clear import of that rationale is that but for the two points added under Section 4A1.1, which Amendment 821 now erases, the Court would have had a portion of the sentence for the supervised release sentence be consecutive to the sentence imposed in this case, resulting in the same total sentence being imposed between this case and the case involving the supervised release violation. Thus, granting this application would result in a sentence that the Court believed at the time of sentence, and now believes, would be less than is sufficient after consideration of all the Section 3553(a) factors. In particular, a lower sentence would not reflect the seriousness of the criminal conduct, would undermine the respect for the law, and would dilute the need for specific deterrence.

So Ordered.

5/29/24

---

[5] (2) Limitation and Prohibition on Extent of Reduction.—

(A) Limitation.—Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under ███████████████ and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.